IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEDARIUS LOWERY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:22-CV-1161-N-BK |
| | § | (NO. 3:18-CR-594-N) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Jedarius Lowery's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects as follows:

On November 20, 2018, Movant was named in a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). CR ECF No.[1] 1. Movant initially entered a plea of not guilty. CR ECF No. 16. On March 25, 2021, Movant was named in a one-count superseding information charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR ECF No. 20. He and his attorney signed a waiver of indictment, CR ECF No. 22, a factual resume, CR ECF No. 23, and a plea agreement. CR ECF No. 24. The factual resume set forth the elements of the offense charged by the superseding information and the stipulated facts establishing that Movant had committed

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:18-CR-594-N.

the offense. CR ECF No. 23. The plea agreement reflected that Movant's plea was voluntarily and freely made and was not the result of force, threats, or promises; that movant waived his right to appeal except in certain limited circumstances; and that Movant and his attorney had thoroughly reviewed all legal and factual aspects of the case and Movant was satisfied with counsel's legal representation. CR ECF No. 24. On June 29, 2021, Movant entered his plea of guilty to the superseding information. CR ECF No. 44. Movant testified under oath that: he was satisfied with his counsel; he understood the essential elements of the charge contained in the superseding information and he committed each of them; he had read, understood, and discussed the factual resume with his attorney before signing it; all of the stipulated facts in the factual resume were true; he had read, understood, and discussed the plea agreement with his attorney before signing it and he freely and voluntarily entered into it; he understood and agreed to the waiver of his right to appeal or otherwise challenge his conviction; no one had made any threats or promises to induce him to enter into the plea agreement; he was pleading guilty because he had committed the offense charged in the superseding information. *Id.*

Movant was sentenced to a term of imprisonment of 36 months. CR ECF No. 39. He did not appeal, having waived the right to do so.

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion: (1) "Conviction obtained by plea of guilty which was unlawfully induced." (2) "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure." (3) "Conviction obtained by the unconstitutional failure of the prosecution to disclose the discovery and/or any evidence favorable

to Lowery e.g. the unlawful stop & detainment." And, (4) "Denial of effective assistance of counsel." ECF No.[2] 2 at 5–6.[3]

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number reference is to "Page __ of 9" as reflected at the top right portion of the document in the Court's electronic filing system and is used because the typewritten page numbers on the form used by Movant are not the actual page numbers of the document.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

In his first ground, Movant asserts that his plea was unlawfully induced.[4] As supporting facts, he recites that counsel "ill-advised" him that he could not show him the discovery. ECF No.

---

[4] For the reasons discussed *infra* regarding the fourth ground of the motion, Movant could not prevail on this ground in any event.

4

2 at 5. He provides no further explanation. The ground is wholly conclusory and insufficient to establish that Movant is entitled to any relief. *Miller*, 200 F.3d at 282.

In his second ground, Movant maintains that his conviction resulted from evidence obtained pursuant to an unconstitutional search and seizure. In his third ground, he alleges that the conviction was obtained by the failure of the prosecution to disclose favorable evidence. ECF No. 2 at 5. Movant waived the right to bring these claims by pleading guilty. A valid guilty plea waives all nonjurisdictional defects in the proceedings, including objections to searches and seizures and failure to disclose exculpatory evidence. *United States v. Cothran*, 302 F.3d 279, 285–86 & nn.5 & 6 (5th Cir. 2002). *See also United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) (guilty plea precludes assertion of *Brady*[5] violation); *Franklin v. United States*, 589 F.2d 192, 194–95 (5th Cir. 1979) (claims regarding illegal searches and seizures are not jurisdictional in nature). Moreover, Movant waived the right to raise these grounds through his plea agreement. CR ECF No. 24.[6]

In his fourth ground, Movant asserts that he received ineffective assistance of counsel. As supporting facts, he recites that counsel was "constitutionally obligated to effectively assist [him] in the 'critical stage' of discovery etc. that he willfully abdicated from." ECF No. 2 at 6. Like the first ground, the allegation here is wholly conclusory and insufficient. *Miller*, 200 F.3d at 232. In any event, Movant's guilty plea waived the right to complain of ineffectiveness except as it relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). The waiver includes claims regarding failure to

---

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).
[6] The record establishes that the waiver of right to appeal or pursue habeas relief was knowing and voluntary. CR ECF No. 24; CR ECF No. 44.

investigate or challenge police misconduct and the like. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

The record reflects that Movant's plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The factual resume and plea agreement Movant signed, each including the representation that the plea is voluntary, are accorded great evidentiary weight.[7] *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, Movant testified under oath that his plea was not coerced and that he was satisfied with counsel. CR ECF No. 50. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Finally, even if Movant could show that his counsel was constitutionally ineffective, and he cannot, he has made no attempt to show that, but for counsel's conduct, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, the Court denies a certificate of appealability.

**SO ORDERED** on this 5th **day** of **March, 2024**.

_____
David C. Godbey
Chief United States District Judge

---

[7] The factual resume, CR ECF No. 23, includes very detailed facts about the events giving rise to Movant's arrest and seems to belie any claim that there was an illegal search and seizure or that favorable evidence was withheld from Movant.